UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

          v.           :           25-MJ-148 (MAU/JEB)

NATHALIE ROSE JONES :

## REPLY TO GOVERNMENT OPPOSITION TO DEFENDANT'S APPEAL OF DETENTION ORDER

In reply to the Government's Response to Defendant's Appeal of Detention Order, Nathalie Rose Jones, through counsel, submits the following.

**(1) Weight of the Evidence**

The government argues that Ms. Jones's statements were not conditional, but the full statements demonstrate that they were conditioned on "recruitment by the CIA." Many of the alleged statements referred to a "dignified arrest and removal ceremony" with the assistance of the Army and the CIA. These were not serious expressions of intent to do harm, as the government claims.

Moreover, the issue here is forward looking. Ms. Jones has never taken any steps toward committing a violent act, nor would she. The government refers to her "brazen decision to drive to Washington, D.C.," but there was nothing "brazen" about it. She met with Secret Service agents the day before she drove to D.C. She told the agents about her plan to participate in a peaceful protest in D.C. The agents only told her not to make threats to the president, so she did not. The government does not claim that she made any threats after agents spoke to her on August 15, 2025. The agents did not tell Ms. Jones not to drive to D.C., or she would not have. Even if her words were "true threats," she complied with every request law enforcement made and is not a true danger to anyone.

In addition, counsel has advised Ms. Jones regarding the recommend sentencing range that would apply under the United States Sentencing if she is convicted of the charged offenses. That range, without acceptance of responsibility, is 10 to 16 months, in Zone C, a relatively low range. This gives Ms. Jones a strong incentive to comply with the conditions of release because any failure to comply would likely result in a significant increase in the range.

**(2) History and Characteristics**

As previously noted, Ms. Jones has been open about her mental health condition, is aware she needs treatment, and accepts treatment. Since filing the appeal of the detention order, counsel spoke with Ms. Jones's treating psychiatrist, who represented that he has been treating Ms. Jones since she moved to New York approximately nine months ago. He is available to see her upon her release. Counsel has additional representations regarding her treatment that she can make at the hearing on the appeal.

An additional letter of support is attached.

**(3) Proposed Conditions**

There are conditions that would reasonably assure the safety of the community and Ms. Jones's appearance. The Court could release Ms. Jones on home detention with GPS monitoring. The Court could direct the Marshals to release her at 8 a.m. tomorrow, August 27, 2025, to the custody of undersigned counsel's investigator, who would then take Ms. Jones to the Pretrial Services office for placement of a GPS monitor and then to the parking garage where her car is parked. The Court could direct her to drive directly to her home in New York and meet with her psychiatrist, who is available to meet with her provided she arrives before 5 p.m. She could be monitored by Pretrial Services in New York and instructed to stay away from Washington, D.C. and the President. There is no reason to believe that she would not comply with those conditions.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500