**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA** :

      **v.**                **:**                **25-MJ-148**

**NATHALIE ROSE JONES**      **:**

### MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE

Ms. Nathalie Rose Jones, through undersigned counsel, respectfully moves this Honorable Court to modify the conditions of her release in response to the grand jury's return of a no bill. In support of this request, counsel submits the following.

On August 15, 2025, Secret Service Agents met with Ms. Jones at her apartment in New York. She informed them that she planned to travel to the District of Columbia to attend an event and a protest. Agents neither arrested her nor suggested that she should not travel to the District of Columbia for the protest. On August 16, 2025, while she was in the District of Columbia, agents contacted her, and she agreed to meet them. She repeatedly told them she had no intent to harm anyone, including the president, and was in D.C. to attend a peaceful protest. At their request, she consented to the search of her car and consented to the disclosure of her mental health records. She possessed no firearms or weapons of any kind, and there is no evidence that she ever attempted to possess a firearm or weapon of any kind. Later that day, based on statements she made on August 15 and previously posted on social media, agents arrested her. The government charged her by complaint with making threats against the President of the United States, in violation of 18 U.S.C. § 871(a), and transmitting threats in interstate or foreign commerce, in violation of 18 U.S.C. § 875(c), between August 2, 2025 and August 16, 2025.

Ms. Jones made her initial appearance on August 19, 2025, and the Honorable Moxila A. Upadhyaya granted the government's motion for pretrial detention on August 21, 2025. The Honorable James E. Boasberg reversed the detention order on August 25, 2025 and released Ms. Jones to home detention.

One of the factors the court considered in determining the conditions of release was the nature of the case and the weight of the evidence. A grand jury has now found no probable cause to indict Ms. Jones on the charged offenses. Given that finding, the weight of the evidence is weak. The government may intend to try again to obtain an indictment, but the evidence has not changed and no indictment is likely. For this reason the Court should release Ms. Jones on her personal recognizance to appear if required.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500

2