UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | 25-mj-148 |
| **NATHALIE ROSE JONES** | : | |

**OPPOSITION TO DISMISSING WITHOUT PREJUDICE
AND REQUEST FOR DISMISSAL WITH PREJUDICE**

On August 15, 2025, Secret Service Agents met with Ms. Jones at her apartment in New York. She informed them that she planned to travel to the District of Columbia to attend an event and a protest. Agents neither arrested her nor suggested that she should not travel to the District of Columbia for the protest. On August 16, 2025, while she was in the District of Columbia, agents contacted her, and she agreed to meet them. She repeatedly told them she had no intent to harm anyone, including the president, and was in D.C. to attend a peaceful protest. At their request, she consented to the search of her car. She possessed no firearms or weapons of any kind, and there is no evidence that she ever attempted to possess a firearm or weapon of any kind. Later that day, based on statements she made on August 15 and statements posted on social media prior to August 15, agents arrested her. The government charged her by complaint with making threats against the President of the United States, in violation of 18 U.S.C. § 871(a), and transmitting threats in interstate or foreign commerce, in violation of 18 U.S.C. § 875(c), between August 2, 2025 and August 16, 2025.

On August 29, 2025, the Court notified undersigned counsel that, pursuant to Federal Rule of Crim Procedure 6(f), the grand jury returned a no bill. On September 5, 2025, the government notified counsel that no additional presentations were made to the grand jury and subsequently filed a motion to dismiss without prejudice.

Federal Rule of Criminal Procedure 48(a) "allow[s] courts to consider the 'public interest, fair administration of criminal justice and preservation of judicial integrity'" in determining whether to grant a dismissal without prejudice. *United States v. Poindexter*, 719 F. Supp. 6, 10 n. 10 (D.D.C. 1989) (quoting *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988)); *see also United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015) (same). The Court may reject a government motion for dismissal without prejudice and order a dismissal with prejudice. *Poindexter*, 719 F. Supp. at 10.

Though there is "a strong presumption in favor of a no-prejudice dismissal, the ultimate decision in that regard depends upon the purpose sought to be achieved by the government and its effect on the accused." *Id*. The Court should consider whether a dismissal without prejudice "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." *Id*. "The primary reason for the 'leave of court' requirement [in Rule 48(a)] is to 'protect a defendant from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution.'" *United States v. Pitts*, 331 F.R.D. 199, 202 (D.D.C. 2019) (quoting *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973)).

Given the grand jury's decision, Mr. Jones should not be forced to live under the threat of later charges and rearrest. The charges against Ms. Jones were based on interpretations of statements the government presented to the grand jury. The grand jury rejected that interpretation of the statements and apparently agreed that Ms. Jones's statements were consistent with her First Amendment rights. Allowing the government the possibility of re-bringing charges under these circumstances is prejudicial and unwarranted. Dismissal *without prejudice* would not be in the public interest. *Cf. United States v. Brandon Lee*, No. 19-cr-140 (TJK), Min. Order

(12/18/2019) (quoting *United States v. Florian*, 765 F. Supp. 2d 32, 35 (D.D.C. 2011)) (government failed to meet burden to demonstrate dismissal without prejudice would be in the public interest).

    WHEREFORE, for the foregoing reasons, the Court should dismiss the complaint *with prejudice.*

                                 Respectfully submitted,

                                 A.J. KRAMER
                                 FEDERAL PUBLIC DEFENDER

                                    /s/
                                _____
                                 MARY MANNING PETRAS
                                 Assistant Federal Public Defender
                                 625 Indiana Avenue, N.W., Suite 550
                                 Washington, D.C. 20004
                                 (202) 208-7500