UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHALIE ROSE JONES,<br><br>Defendant. | Case No. 25-MJ-148 |

## GOVERNMENT'S SUPPLEMENTAL BREIF IN SUPPORT OF MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this supplemental brief in support of its Motion to Dismiss Complaint Without Prejudice. (ECF No. 20). Dismissal with prejudice is not warranted where, as here, the United States did not seek dismissal for tactical gain or to harass Defendant by refiling the case under more advantageous circumstances. Rather, after careful evaluation, the United States moved to dismiss the complaint against Defendant without prejudice based on its determination that prosecution of the matter would be better suited for another venue.[1]

## PROCEDURAL HISTORY

On August 18, 2025, United States Magistrate Moxila A. Upadhyaya approved a federal criminal complaint against Defendant for the conduct described above, including violations of 18 U.S.C. §§ 871(a) (knowingly and willfully threatening to take the life of, kidnap, or inflict bodily harm upon the President of the United States) and 875(c) (transmit in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another). Defendant's initial appearance was held on August 19, 2025, where the

---

[1] On September 5, 2025, the United States filed an Information against Defendant in the Superior Court of the District of Columbia for the misdemeanor offense of Attempted Threats, in violation of 22 DC Code, Sections 407, 1803.

United States moved for pretrial detention. The Court ordered Defendant held without bond pending a detention hearing set for August 21, 2025.

On August 21, 2025, Magistrate Moxila A. Upadhyaya detained Defendant pending trial. On August 25, 2025, Defendant appealed the magistrate judge's detention order. (ECF No. 11). And on August 26, 2025, United States Chief District Court Judge James E. Boasberg ordered Defendant released. (ECF No. 17).

## ARGUMENT

**I.  Dismissal with Prejudice is not Warranted Because the United States did not Seek Dismissal to gain a Tactical Advantage or to Harass Defendant by Refiling the Case Under More Advantageous Circumstances.**

Federal Rule of Criminal Procedure 48(a) provides that the "government may, with leave of court, dismiss an indictment, information or complaint." The Supreme Court has explained that the "'principle object of the leave of court requirement' has been understood to be a narrow one — 'to protect a defendant against prosecutorial harassment . . . when the [g]overnment moves to dismiss an indictment over the defendant's objection.'" *United States v. Fokker Services B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). Therefore, a court reviews the government's motion under Rule 48(a) "primarily to guard against the prospect that dismissal is part of a scheme of prosecutorial harassment of the defendant through repeated efforts to bring—and then dismiss—charges." *Fokker Services*, 818 F.3d at 742.

As a general matter, Rule 48(a) only allows the court to reject the government's motion to dismiss without prejudice in "exceptional" cases due to the "strong presumption in favor of a no prejudice dismissal[.]" *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015). *See also, e.g.*, *United States v. Trump*, 757 F. Supp. 3d 82, 83 (D.D.C. 2024) ("When a prosecutor moves to dismiss an indictment without prejudice, there is a strong presumption in favor of that course. A

court may override the presumption only when dismissal without prejudice would result in harassment of the defendant or would otherwise be contrary to the manifest public interest.") (citations and quotation marks omitted). The question of whether to dismiss a case pursuant to Rule 48(a) with, or without, prejudice turns on whether the dismissal itself is being sought for an improper purpose, such as "to gain a tactical advantage" or to bring the case again under more advantageous circumstances. *United States v. Pitts*, 331 F.R.D. 199, 203 (D.D.C. 2019); *see also Rinaldi*, 434 U.S. at 30 (noting that "[t]he salient issue" in deciding whether to permit termination of prosecution under Fed. R. Crim. P. 48(a) is whether the government's "efforts to terminate the prosecution [] were tainted with impropriety"). "The key factor in a determination of prosecutorial harassment is the propriety or impropriety of the [g]overnment's efforts to terminate the prosecution—the good faith or lack of good faith of the [g]overnment in moving to dismiss." *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982). *See also United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988) ("A fundamental consideration in addressing the propriety of a prosecutor's [Fed. R. Crim. P. 48(a)] dismissal motion is whether the motion is made in 'good faith.'"). "It is only when those considerations overcome the presumption that the public interest favors a dismissal without prejudice, that a dismissal shall be ordered with prejudice." *United States v. Madzarac*, 678 F. Supp. 3d 42, 48 (D.D.C. 2023).

Where the government has sought dismissal without prejudice, courts instead have granted dismissal with prejudice only where the government has sought to dismiss a case to obtain a tactical advantage, harass the defendant, or otherwise refile the case at a more advantageous time for the government. For example, in *Pitts*, 331 F.R.D. at 204, the court denied the government's request to dismiss without prejudice where the government failed to timely seek DNA testing and sought to salvage the case by dismissing without prejudice with hopes to rebring the prosecution once

DNA test results were received. Specifically, the government advised the court that it was seeking dismissal "without prejudice in order to get the [DNA] tests done." *Id.* at 202. Because the purpose of the dismissal without prejudice "was clearly tactical, to better position the government to try this case, which is clearly prohibited under D.C. Circuit precedent," the court dismissed the case with prejudice. *Id.* at 205.

In *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989), the court explained that dismissal with prejudice is warranted when allowing re-prosecution "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." In *Poindexter*, the court declined to dismiss two counts of an indictment without prejudice where the government was seeking to gain a tactical advantage by preserving the possibility of prosecuting the defendant at a time when he would not need access to classified documents. *Id.* at 12 n.18. Similarly, in *United States v. Fields*, 475 F. Supp. 903, 905-08 (D.D.C. 1979), the court dismissed an indictment with prejudice where the government indicted the defendant to coerce her cooperation in another case despite knowing that its key witness—without whom the government could not prosecute the defendant—was not credible. In *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984), the Tenth Circuit held that dismissal with prejudice was warranted where the government sought dismissal solely because it was dissatisfied with the state of the investigation and charges and the defendant was prepared to proceed to trial. And in *Salinas*, 693 F.2d at 353, the Fifth Circuit dismissed an indictment with prejudice on grounds that the government was engaging in harassment and improper maneuvering, when the government sought to dismiss a case on the first day of trial because it was unhappy with the jurors who had been selected.

The present case is readily distinguishable. This is not a case where the government is requesting dismissal without prejudice in an attempt to induce a defendant's cooperation in another

case, nor is it a case in which the government, for tactical reasons, has sought to defer a prosecution. Rather, as noted above, the United States moved to dismiss the complaint against Defendant without prejudice based on its determination that prosecution of the matter would be better suited for another venue. Because the dismissal in this case is neither being requested in bad faith nor in an effort to harass Defendant, and because the government has not sought dismissal to obtain a tactical advantage or otherwise refile the case at a more advantageous time, dismissal with prejudice is not appropriate.

## **CONCLUSION**

For the aforementioned reasons, a dismissal of the criminal complaint against Defendant with prejudice is not warranted.

Respectfully submitted,

JEANNINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:     */s/ Joshua Satter*
Joshua Satter
Assistant United States Attorney
NY Bar No. 5477112
601 D Street NW
Washington, D.C. 20052
202-252-7059
Josh.Satter@usdoj.gov